IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| NOLA MARQUEZ, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | No. 5:15-CV-293 (CAR) |
| : | |
| WAL-MART STORES, INC. and : | |
| WAL-MART STORES EAST, L.P., : | |
| : | |
| Defendants. : | |
| _____ : | |

### ORDER ON PLAINTIFF'S MOTION TO REMAND

Before the Court is Plaintiff Nola Marquez's Motion to Remand this premises liability case to the State Court of Houston County. Upon consideration of the record, the submissions of the parties, the relevant law, and the arguments of counsel, the Court finds Defendant's removal of this action was timely and properly filed pursuant to this Court's diversity jurisdiction. Thus, the Motion [Doc. 3] must be **DENIED**.

### BACKGROUND

According to the Complaint, on July 17, 2013, Plaintiff suffered personal injuries and damages after she slipped and fell in the Walmart Supercenter on Watson Boulevard in Warner Robins, Georgia. On April 14, 2015, within the two-year statute of limitations, Plaintiff filed her Complaint in the State Court of Houston County seeking past, present, and future medical expenses, pain and suffering, and lost wages

as a result of Defendants' alleged negligence. Plaintiff does not specify the amount in controversy. She alleges she incurred medical expenses in the amount of $14,210.10 and "continues to receive medical treatment and incur medical expenses."[1]

On May 26, 2015, Plaintiff served her Response to Defendants' First Requests for Admissions wherein Defendant sought admissions that Plaintiff "will not seek, recover or collect from Defendant . . . a sum in excess of $75,000."[2] Plaintiff responded with "Denied."[3]

On July 13, 2015, Plaintiff filed her First Amended Complaint wherein she amended the amount of her incurred medical expenses to $34,346.13. Fifteen days later, Defendants removed the action pursuant to this Court's diversity jurisdiction. Thereafter, Plaintiff timely filed her Motion to Remand. Plaintiff does not dispute that the requirements for diversity jurisdiction in this case are met. Instead, Plaintiff argues this case must be remanded because Defendant waited too late to remove it.

## DISCUSSION

A civil action filed in a state court may be removed to a district court if the action falls within the federal courts' original jurisdiction. Federal district courts have original jurisdiction over civil actions between citizens of different states when the

---

[1] Complaint ¶¶ 15-16 [Doc. 1-4].
[2] Plaintiff's Response to Defendants' First Request for Admissions of Fact [Doc. 1-3].
[3] *Id.*

amount in controversy exceeds the sum or value of $75,000.00[4] Plaintiff here concedes the parties are diverse, and the amount in controversy is met; thus, she does not challenge the sufficiency of removal pursuant to 28 U.S.C. § 1332. Instead, she argues remand is required because the removal is untimely under 28 U.S.C. § 1446.

Pursuant to 28 U.S.C. § 1446(b)(3), a defendant may remove a case that was not initially removable, within 30 days of ascertaining when the case becomes removable. The statute states,

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.[5]

A defendant must remove the case within 30 days of when he is put on notice the case is removable. A defendant may be put on notice of removal by a pleading, motion, order, or "other paper."

Here, Plaintiff contends the denials stated in her Response to Defendant's First Requests for Admissions served on May 26, 2015, sufficiently placed Defendant on notice that the amount in controversy exceeded $75,000.00, and thus Defendants should have removed this case by June 26, 2015. The Court disagrees. To provide notice of removability, the "other paper" "must contain an unambiguous statement

---

[4] 28 U.S.C. § 1332(a)(1).
[5] 28 U.S.C. § 1446(b)(3).

that clearly establishes federal jurisdiction."[6] Plaintiff's denials do not constitute such clear and unambiguous evidence.[7] Defendants properly and timely removed this case within 30 days of receiving the First Amended Complaint on July 13, 2015, which indicated the amount in controversy exceeded $75,000.00.

## CONCLUSION

As explained above, Defendants timely removed this case within 30 days of first ascertaining the case had become removable pursuant to the Court's diversity jurisdiction. Thus, Plaintiff's Motion to Remand [Doc. 3] is **DENIED**.

**SO ORDERED,** this 3rdday of November, 2015.

S/ C. Ashley Royal
C. ASHLEY ROYAL,
UNITED STATES DISTRICT COURT

---

[6] *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n. 63 (11th Cir. 2007) (citation omitted).
[7] *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001).